IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ROBERT L. HOWSE, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:13-01287 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| METRO GOVERNMENT POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Plaintiff, Robert L. Howse, filed this pro se action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., against the Defendant Metro Government Police Department ("Metro"). Plaintiff asserts claims for race and sex discrimination for the Defendant's alleged failure to promote him and the Defendant's retaliation after he filed a discrimination charge.

Before the Court is the Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Docket Entry No. 10) contending that Plaintiff's complaint fails to state a claim upon which relief can be granted. In essence, Defendant contends that Plaintiff fails to allege any plausible facts of discrimination, and that the Metropolitan Nashville Police Department is not an employer under Title VII. In response, Plaintiff alleges that his complaint alleges sufficient facts to state claims for racial discrimination and retaliation. (Docket Entry No. 14).

### A. Analysis of the Complaint

According to his complaint, Plaintiff alleges that "white employees were promoted over [him] even though [he] was qualified and recognized as working in a supervisory/leadership role."

1

(Docket Entry No. 1, Complaint at ¶ 9.) Plaintiff also alleges that Defendant "Transferred or promoted several white employees compared to" him. Plaintiff also alleges "[r]etaliation for speaking up and filing grievances." Id.

On or about June 1, 2012, Plaintiff filed charges of race and sex discrimination with the Tennessee Human Rights Commission or the Equal Employment Opportunity Commission ("EEOC"). On or about September 5, 2013, Plaintiff received a Notice of Right to Sue regarding these charges from conduct on January 1, 2010. Id. at ¶¶ 5-7. This Notice reflects that the EEOC did not find any facts to state a violation of the statute. (Docket Entry No. 1-2 at 1)

### B. Conclusions of Law

For a motion to dismiss, the pleading standard requires factual allegations that "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements ... Factual allegations must be enough to raise a right to relief above the speculative level." Id. On a motion to dismiss, the Court accepts well-pled factual allegations as true and construes such allegations in the light most favorable to the Plaintiff, with all reasonable inferences in the Plaintiff's favor. Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008). While pro se complaints are liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), pro se complaints must also satisfy the "facial implausibility" standard articulated in Twombly. Stanley v. Vining, 602 F.3d 767, 771 (6th Cir. 2010).

Federal Rule of Civil Procedure 8(a) provides that a pleading must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of

Civil Procedure 8(e), "Pleadings must be construed so as to do justice." Although "Rule 8(a) does not required a plaintiff to plead his employment discrimination claim with particularity... the factual allegations in the complaint must be sufficiently clear to permit the Court and the defendants to ascertain the nature of the claims that are asserted." Howard v. Cargill, Inc., 2009 WL 973086 3 (W.D. Tenn. 2009) (citing Swierkiewicz v. Sorema, S.A., 534 U.S. 506 (2002)).

Title VII prohibits employers from discriminating against employees or prospective employees based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–16(a). For his Title VII claim, Plaintiff must allege plausible facts : (1) that he is a member of a protected class; (2) that he applied for and was qualified for the position; (3) that he was considered for and denied the position; and (4) that he was rejected in favor of another person with similar qualifications who is not a member of the protected class. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Alexander v. Caresource, 576 F.3d 551, 559 (6th Cir. 2009).

Plaintiff's complaint does not expressly allege his race to reflect that he is a member of a protected class, but his references to the promotion of white employees over him creates an inference that he is non-white. Yet, Plaintiff does not allege, that he applied for and was qualified for these promotions nor that he was considered for and denied the position. Plaintiff does not allege any facts that the individuals whom he alleges were promoted or transferred, had similar qualifications. Plaintiff has not alleged any specific facts for the Defendant's alleged retaliation against him for his filing a discrimination charge.

While Plaintiff's response to Defendant's motion to dismiss (Docket Entry No. 14) contains additional facts that could be support the first and fourth elements of a Title VII claim, upon a motion to dismiss, the Court can only examine the complaint and attachments thereto. Brown v.

3

Matauszak, 415 Fed. Appx. 608, 612 (6th Cir. 2011) ("though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, **the complaint must still contain** "enough facts to state a claim to relief that is plausible on its face.") (quoting Twombly, 550 U.S. at 570 with emphasis added)). The Sixth Circuit has taken a "liberal view of what matters fall within the pleadings for purposes of Rule 12(b) (6)." Armengau v. Cline, 7 Fed Appx. 336, 344 (6th Cir.2001). "If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. Id. (citing Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir.1999)).

After review, the Court concludes that Plaintiff's complaint fails to allege sufficient and plausible facts suggestive that Defendant discriminated against Plaintiff in violation of Title VII.

For these reasons, the Court concludes that Defendant's motion to dismiss should be granted. An appropriate Order is filed herewith.

**ENTERED** this the 30th day of April, 2014.

William J. Haynes, Jr.
Chief United States District Judge